## JOHN FRANKS v. STATE.

No. A-2992.  Opinion Filed October 1, 1918.

(175 Pac. 60.)

INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.  Record and evidence examined and held sufficient to sustain a conviction for the unlawful possession of intoxicating liquors, and that no reversible error was committed on the trial.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

John Franks, convicted of a violation of the prohibitory law, appeals.  Affirmed.

*Crump, Bailey & Crump,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  John Franks, plaintiff in error, and G. C. Winford were jointly charged and tried on an information which, after alleging time and venue, charges that they did have possession of certain intoxicating liquors, to wit, 24 pints of whisky and four quarts of whisky, with the intention then and there of conveying, selling, bartering, giving away, and otherwise furnishing the same.  The jury found the defendant Winford not guilty and the defendant Franks guilty, and fixed his punishment at confinement in the county jail for four months and a fine of $250.  From the judgment rendered in pursuance of the verdict, he appealed by filing in this

court on April 26, 1917, a petition in error with case-made.

The only noticeable assignment of error is that the verdict of guilty is not sustained by sufficient evidence, and is contrary to law.

The evidence shows that the defendant's place of business is in Muskogee, on Cherokee street, adjoining Henry Nicholson's building. One of the store rooms in this building was vacant, and another was occupied by the Hamlin meat market. On the date alleged in the indictment the defendant Winford carried a grip from the empty store room into the meat market, which grip contained four quarts and 24 pints of whisky and was found there by the officers. The defendant John Franks was carrying the key to the empty store room.

Henry Nicholson testified that he asked the defendant Franks why he was using the room to store whisky, and he answered that he had bought the whisky the night before and had stored it in the vacant room, and that he was willing to pay a month's rent for the room.

Three or four witnesses testified that the defendant Frank's place of business had the reputation of being a place where intoxicating liquors were sold.

The defendant Winford, generally known as "Old Man Winford," testified that he was employed by the defendant Franks as a clerk, selling soft drinks; that he did not own the grip or its contents; that the defendant Franks told him to go into the store room and get the grip and carry it into the meat market; that Franks did not tell him what was in the grip.

The defendant Franks, as a witness in his own behalf, testified that he sold cigars and soft drinks at his

place of business; that he was trying to rent the empty store room from Nicholson and found the grip containing the liquor there and told the defendant Winford to take it out of there because he had the key and did not want it in there; that Winford was employed by him at the time; that he did not say that he had bought the whisky the night before and placed it there.

An examination of the record discloses that the verdict is amply sustained by the evidence, and that the defendant has been afforded a fair and impartial trial. The evidence tending to show the reputation of the place of business of the defendant Franks was competent and properly admitted. Finding no material error, the judgment appealed from is affirmed.

ARMSTRONG and MATSON, JJ., concur.